2nd Amended Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

## CIVIL RIGHTS COMPLAINT FORM

Nathaniel Jones Jr #K65586

CASE NUMBER: 3:18-CV-142-J20MCR
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Dr. Fernando Cruz

Dr. Wilbur Bala

RN. Davis

Centurion of Florida LLC

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

FILED

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** Walton Correctional Institute
(Indicate the name and location)
691 Institute Rd Defuniak Springs, FL 32433

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

Provided to Walton CI
On 9/21/18 for Mailing
     Date
By (officer initials) AW  NJJ

DC 225 (Rev. 9/03)

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

**EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:**

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes (✓) No ( )

       a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

       b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this 13th day of September, 2018.

*Nathaniel Jones Jr K65586*
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

   1. What steps did you take? _____

   2. What were the results? _____

   3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 13th day of September, 2018.

_____
Signature of Plaintiff

DC 225 (Rev. 9/03)

4

IV. **PREVIOUS LAWSUITS:**

  A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

  B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

  C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

  1. Parties to previous lawsuit:

     Plaintiff(s): _____

     _____

     Defendant(s): _____

     _____

  2. Court (if federal court, name the district; if state court, name the county):

     _____

  3. Docket Number: _____

  4. Name of judge: _____

  5. Briefly describe the facts and basis of the lawsuit: _____

     _____

     _____

  6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

     _____

     _____

  7. Approximate filing date: _____

  8. Approximate disposition date: _____

  D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                              5

___

___

___

___

___

V. **PARTIES**: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Nathaniel Jones Jr "X65556

 Mailing address: 691 Institute Rd Walton Correction Institute
 691 Institute Rd Defuniak Springs, FL 32433

B. Additional Plaintiffs: ___

___

___

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Dr. Fernando Cruz

 Mailing Address: 20706 US Hwy 90W Sanderson, FL 32087 /
 7700 Forsyth Blvd ST. Louis, MO 63105

 Position: Doctor

 Employed at: Baker Correctional Institute / Centurion of FL LLC

D. Defendant: Dr. Wilbur Bala

 Mailing Address: P.O. Box 2000  / 7700 Forsyth Blvd
 Lawtey, FL 32058 / ST. Louis, MO 63105

 Position: Doctor

 Employed at: Lawtey Correctional Institute / Centurion of FL LLC

DC 225 (Rev. 9/03)                                6

E. **Defendant:** Mrs. Davis
   **Mailing Address:** 20706 Hwy 90w / 7700 Forsyth Blvd
   Sanderson, FL 32087 / St. Louis, MO 63105
   **Position:** Nurse
   **Employed at:** Baker Correctional Institute / Centurion of FL LLC

F. **Defendant:** Centurion of Florida LLC
   **Mailing Address:** Centene Corp Centene Plaza
   7700 Forsyth Blvd St. Louis, MO 63105
   **Position:** Health Care Provider
   **Employed at:** F.D.C

G. **Defendant:** ___
   **Mailing Address:** ___
   **Position:** ___
   **Employed at:** ___

DC 225 (Rev. 9/03)                              7

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

My Eighth admendment, DEliberate indifference

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

1) R.N. Mrs. Davis arrival at 7:40 Am @ Baker C.I. 4-28-16 Upon arriving at Baker CI for Confinement. Mrs. Davis Asked me if I had any open wounds and I stated "yes." She asked me to show her and I did. She removed my Bandages (gauze + 4x4 pad) and stated "It Looks fine let some air get to it." I was then Escorted to Confinement by OFC McCook from Lawtey CI to Confinement where my pants continually Rubbed + pulled at my stiches in my leg By R.N. Davis removing my bandage and not giving me anything

**Statement of Facts, continued:**

To Cover it up my leg became Stuck to my Sheet due to drainage and I had a Cockroach eating on my wound Sunday Morning approx 5:00Am May 1st 2018. by Nurse negligence I went throgh alotta pain which resulted in my leg getting infected Really Bad

Continued to pgs: 9A, 9B, 9C

Continued

VII Statement of facts

Dr. Fernando Cruz seen me MAY 3rd 2016. I was seen in the medical Dept @ Baker CI approx 8:37am. I went into explaining the events arising before I was seen by him, explaining how RN Davis removed my bandages and never gave me anything to recover it, How I awoke to a roach eating at my wound and the Drainage I was having. He asked to see my wound and asked how it happened and I stated "it's in my Chart." So he looked at my Chart and read the report from Dr. Bala @ Lawtey CI. He swabbed the wound to send to the lab and then he prescribed 3 oral antibiotics levequen, Doxycycline+ Bactrin plus 4 days of Injected antibiotics the whole time stiches were in. On MAY 6th, 2016 I had wound care done, but when she removed the bandage the wound was inflammed and swollen with infection with drainage that caused the wound to burst on ripping my flesh apart due to stiches still in place. MAY 10th 2016 I saw Dr. F. Cruz again and he looked at my leg and asked me" have I been taking my meds and I stated "yes". He asked a Nurse where was the test results from the swab/culture of my wound and they didn't knew so he swabbed it again and then pulled the stiches outta my wound after being in my leg over a month. Dr. Cruz's failure to label the 1st swab that he got that was lost in paperwork, His negligence from not removing my stiches I was in pain from the first arrival time at Baker CI.

Continued

VII Statement of Facts

Dr. Wilbur Bala  On or about July 2016 I returned to Lawtey C.I, I had a follow-up pending with the Infection & Disease Specialist at R.M.C. Dr. Bala when I saw him he stated that "I don't see the need to go back to see the Specialist I'll address the problems. 2 wks after I saw Dr. Bala the infection came back not 1, 2, 3, but 4x that year. By Dr. Bala Denying my return to see the I.D specialist I have Suffered Complications with my body 1st I had C-diff for over 2½ mo before Dr Bala did any test to see if I did or didn't, 2nd My range of motion decreased in my right leg which resulted in me not being able to kneel or squat let a long stand for more then 20 mins. 3rd I have developed Digestion Issuses in which has been addessed by Dr. Asencio at Walton CI, but not fully and Properly addessed right. 4th I have serve food Allergyes to Wheat (Gluten), Soy, Fish, Peanuts, & Milk. All this Could have been resolved if Dr. Bala Didn't refuse me in going back to see the I.D. specialist at R.M.C.

Continued

VII Statement of facts

Centurion of FL LLC. took over being the Health Care Provider about or around 2yrs ago. In the State of Florida For Florida Department of Corrections. By Both Doctors and RN being Employed Thru Centurion I have Suffered mentally and physically for over 2yrs and still to present. By the Companys laws + Policies to give bare minimum of adequate medical treatment.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

I seek monetary Damages In the amount of 500,000.00 Due to Pain and Suffering at the hands of Dr's + Nurses. Also Punitive damages

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 13th day of September, 2018.

Nathaniel Jones Jr #1465566
B/ Nathaniel Jones Jr

(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

10