UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATHANIEL JONES, JR.,

       Plaintiff,

v.                                 Case No. 3:18-cv-142-J-20MCR

DR. FERNANDO CRUZ, et al.,

       Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983. After reviewing the Complaint, the Court identified some deficiencies and ordered Plaintiff to file an amended complaint. See Order (Doc. 5). Plaintiff did so on March 15, 2018, pursuant to the mailbox rule. See Amended Complaint (Doc. 6); Supplement (Doc. 10). Plaintiff, however, failed to sign the Amended Complaint. Therefore, the Court gave him one final opportunity to amend his claims to comply with the Federal Rules of Civil Procedure and to properly state a claim. See Order (Doc. 12). Plaintiff filed a Second Amended Complaint (Doc. 16) with exhibits on September 21, 2018.

In the Second Amended Complaint, Plaintiff names as Defendants Dr. Fernando Cruz, Dr. Wilbur Bala, Nurse Davis, and Centurion of Florida, LLC. He claims that Defendants were deliberately

indifferent to his serious medical needs. Specifically, he asserts that when he arrived at Baker Correctional Institution on April 28, 2016, he saw Nurse Davis and told her about the wound on his leg. She removed Plaintiff's bandages and stated, "It looks fine[.] Let some air get to it." Plaintiff was then escorted to confinement, and his "pants continually rubbed and pulled at [the] stitches in [his] leg." He claims that because Nurse Davis removed his bandage, his "leg became stuck to [his] sheet due to drainage and [he] had a cockroach eating on [the] wound Sunday morning approx[imately] 5:00 AM May 1st, 201[6]."[1] He alleges that due to Nurse Davis' negligence, he suffered a lot of pain and the wound became infected.

A few days later, on May 3, 2016, Plaintiff was seen by Dr. Cruz. Dr. Cruz reviewed Plaintiff's chart and examined his wound. He "swabbed the wound to send to the lab and then he prescribed 3 oral antibiotics . . . plus 4 days of injected antibiotics," but the stitches were left in place. On May 6, 2016, Plaintiff was seen for wound care, and his wound had become inflamed. Dr. Cruz examined Plaintiff again on May 10, 2016, and asked Plaintiff whether he had been taking the prescribed antibiotics. Plaintiff said he had, and when the results of the first wound-swab could not be located, Dr. Cruz swabbed the wound a second time and removed Plaintiff's stitches. Plaintiff claims that because Dr. Cruz

---

[1] Plaintiff wrote 2018, but the Court assumes he means 2016.

mislabeled the first swab and failed to remove his stitches earlier, Plaintiff suffered in pain since his arrival at Baker Correctional Institution.

In July 2016, Plaintiff returned to Lawtey Correctional Institution and saw Dr. Bala. Dr. Bala determined that Plaintiff did not need to return to the Reception and Medical Center for a follow-up with the Infection and Disease Specialist, because Dr. Bala could address Plaintiff's problems. Two weeks later, Plaintiff saw Dr. Bala again. Plaintiff asserts that the infection in his leg came back four times that year because Dr. Bala did not send him back to the Infection and Disease Specialist. As a result, he alleges that he suffered the following complications: (1) he had c-diff for more than 2½ months before Dr. Bala tested him; (2) the range of motion in his leg decreased; (2) he developed digestion issues which have been addressed by another physician at a different institution, "but not fully and properly addressed"; and (4) he has "food allergies to wheat (gluten), soy, fish, peanuts, [and] milk." According to Plaintiff, "all [of] this could have been resolved if Dr. Bala didn't refuse [Plaintiff] going back to see the" Infection and Disease Specialist.

Finally, as to Centurion, Plaintiff alleges that the individual Defendants work for Centurion, and Centurion's "laws [and] policies to give bare minimum . . . medical treatment" caused

3

him to suffer mentally and physically. As relief, Plaintiff requests monetary damages for his "pain and suffering."

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all

the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

"To prevail on [a] § 1983 claim for inadequate medical treatment, [the plaintiff] must show (1) a serious medical need; (2) the health care providers' deliberate indifference to that need; and (3) causation between the health care providers' indifference and [the plaintiff's] injury." Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017) (citation omitted).[2] "Deliberate indifference must be

---

[2] Deliberate indifference claims analyzed under the Fourteenth Amendment and Eighth Amendment are "'subject to the same scrutiny." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting

more than an inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice." McLeod v. Sec'y, Fla. Dep't of Corr., 679 F. App'x 840, 843 (11th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). Indeed, deliberate indifference to a serious medical need requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Melton v. Abston, 841 F.3d 1207, 1223 & n.2 (11th Cir. 2016).

Plaintiff has not alleged sufficient factual allegations, accepted as true, to state claim of deliberate indifference. At most, he has alleged that Defendants may have been negligent, but claims of negligence or medical malpractice "are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (quoting Estelle, 429 U.S. at 106). Moreover, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officers and medical personnel. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due

---

Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306 (11th Cir. 2009)); see Dang, 871 F.3d at 1279 ("Dang's claims [as a pretrial detainee] are evaluated under the same standard as a prisoner's claim of inadequate care under the Eighth Amendment." (citation omitted)).

6

Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Consequently, any allegedly negligent conduct of which Plaintiff complains does not rise to the level of a federal constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action.

As to Defendant Centurion, Plaintiff was previously advised that supervisory liability has been rejected as a theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Yet, Plaintiff attempts to hold Centurion liable based solely on the actions of its employees. He has not alleged any facts to suggest that his injuries were caused by a custom, policy, or practice of Centurion. His conclusory statement that Centurion's laws and policies to provide minimal medical care caused him injury is insufficient. Thus, Plaintiff has failed to state a claim against Defendant Centurion.

In sum, this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3.  The Clerk shall terminate any pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October, 2018.



UNITED STATES DISTRICT JUDGE

JAX-3 9/28
c:
Nathaniel Jones, Jr., #K65586